## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION

JALYN K. BAKER,

     Plaintiff,

v.                                     Case No.  1:23-cv-3-AW-MJF

D. RATHEL, *et al.*,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Jalyn K. Baker, proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. Doc. 10. Defendants move to dismiss the complaint on the grounds that (1) Baker failed to exhaust his administrative remedies with regard to one claim—his claim against Defendant Sapp; and (2) Baker's claim for punitive damages is barred by statute. Doc. 18. The undersigned recommends that Defendants' motion to dismiss be granted in part and denied in part; that Baker's claim against Defendant Sapp be dismissed for failure to exhaust administrative remedies; and that this case be

returned to the undersigned for further proceedings on Baker's claim against the remaining Defendant: Officer Rathel.

## I. ALLEGATIONS OF BAKER'S AMENDED COMPLAINT

Baker is an inmate of the Florida Department of Corrections ("FDC"). Doc. 10. Baker is suing two prison officials at the Mayo Correctional Institution: Officer D. Rathel and Sergeant T. Sapp. *Id.* at 2-3 in ECF.[1] Baker alleges that on May 27, 2022, he was in the dining hall. *Id.* at 5. After Baker received his dinner tray, Rathel ordered Baker to sit at a table that Baker describes as "designated for handicap and transgender inmates." *Id.* at 5. Baker "tried to explain" to Rathel that he "would be breaking rules, regulations, and policies of the Institution by sitting in these seats." *Id.* at 5-6. Baker then seated himself at a different table. *Id.* at 6.

Rathel yelled at Baker, grabbed Baker's dinner tray, and ordered Baker to stand to be handcuffed. *Id.* at 6. Baker complied. Rathel cuffed Baker's hands behind his back and escorted Baker to the exit door. *Id.* at

---

[1] Citations to page numbers of Baker's amended complaint are according to the numbers assigned by the District Court's Electronic Case Filing system ("ECF").

6. Rathel then pulled Baker by his left arm and "slung" Baker into the closed exit door, causing Baker's "head, face and shoulder area to split open and bleed." *Id*. at 6. Rathel then allegedly "yank[ed]" Baker's arm and took him outside. *Id*. at 6-7.

Once outside, Rathel "spun" Baker around, "picked [him] up by [his] arms," and "high hip toss[ed]" Baker face down onto the sidewalk. *Id*. at 7. The fall caused Baker's teeth to puncture his lips, and also caused contusions to Baker's face, forehead, chin, left elbow and left knee. *Id*. Rathel then sat on top of Baker, pushing Baker's face, head and upper torso into the sidewalk. *Id*. Defendant Sapp observed Rathel's use of force both inside the dining hall and outside on the sidewalk, but did not intervene. *Id*. at 8-9.

Based on these allegations, Baker claims that Rathel violated the Eighth Amendment by using excessive force and that Sapp violated the Eighth Amendment by failing to intervene. *Id*. at 10. As relief Baker seeks compensatory and punitive damages in excess of $280,000.00. *Id*. at 10.

## II. DEFENDANTS' MOTION TO DISMISS

Rathel and Sapp move to dismiss this case in its entirety under Federal Rule of Civil Procedure 12(b)(6). Doc. 18 at 1, 4-5. In support, Defendants assert that (1) Baker failed to exhaust his administrative remedies for his failure-to-intervene claim against Sapp, as required by 42 U.S.C. § 1997e(a); and (2) Baker's claim for punitive damages is barred by 18 U.S.C. § 3626(a)(1)(A). Doc. 18 at 6-15. Defendants offer no argument in support of dismissal of Baker's Eighth-Amendment excessive-force claim against Rathel to the extent Baker seeks compensatory damages.

Baker's deadline to respond to the motion to dismiss was September 21, 2023. *See* Doc. 19. To date, Baker has not responded to the motion.

## III. DISCUSSION

### A. Failure to Exhaust Administrative Remedies

#### 1. *The PLRA's Exhaustion Requirement*

The Prison Litigation Reform Act ("PLRA") provides in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, whether they allege excessive force or some other wrong, and whether they seek injunctive relief, monetary damages, or both. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Exhaustion of available administrative remedies is a mandatory pre-condition to suit. *See Booth v. Churner*, 532 U.S. 731, 739 (2001) ("The 'available' 'remed[y]' must be 'exhausted' before a complaint under § 1983 may be entertained."); *see also Porter*, 534 U.S. at 524-25 ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.").

Generally, the FDC's administrative remedy program requires an inmate to: (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance at the institutional level with the Warden's office, and (3) submit an appeal to the Office of the Secretary (through the Bureau of Policy Management and Inmate Appeals in the

FDC's Central Office). *See* Fla. Admin. Code rr. 33-103.005 to 33-103.007; *see also Parzyck v. Prison Health Servs., Inc.*, 627 F.3d 1215, 1218 (11th Cir. 2010).

## 2.   *The Framework for Evaluating an Exhaustion Defense*

A failure to exhaust administrative remedies is an affirmative defense that the defendant bears the burden of proving. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). In *Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008), the Eleventh Circuit outlined the procedure district courts must follow when presented with a motion to dismiss for failure to exhaust administrative remedies under the PLRA. The defense of failure to exhaust should be treated as a matter in abatement. *Id.* at 1374. "This means that procedurally the defense is treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter." *Turner*, 541 F.3d at 1082 (quoting *Bryant*, 530 F.3d at 1374). Because exhaustion is a matter in abatement, "it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant*, 530 F.3d at 1374-75 (citation and internal quotation omitted).

Deciding a motion to dismiss for failure to exhaust administrative remedies involves two steps. *See Turner*, 541 F.3d at 1082. First, the court looks to the factual allegations in the defendant's motion, and those in the plaintiff's response. *See id.* at 1082. If they conflict, the court accepts the plaintiff's version of the facts as true. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* at 1082; *see also Bryant*, 530 F.3d at 1373-74.

If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, "the court proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Turner*, 541 F.3d at 1082 (citing *Bryant*, 530 F.3d at 1373-74, 1376). Upon making findings on the disputed issues of fact, the court then decides whether, under those findings, the plaintiff has exhausted his available administrative remedies. *See, e.g., Singleton v. Dep't of Corr.*, 323 F. App'x 783, 785 (11th Cir. 2009) ("A district court may properly consider facts outside of the pleadings to resolve a factual dispute regarding exhaustion where the factual dispute does not decide

the merits and the parties have a sufficient opportunity to develop the record." (citing *Bryant*, 530 F.3d at 1376)).

### 3. *Application of the Turner Procedure*

Baker's amended complaint contains no factual allegations concerning exhaustion. Doc. 10. Baker has not responded to Defendants' motion to dismiss. Accordingly, Defendants' factual allegations concerning exhaustion are undisputed.

According to Defendants' factual allegations and supporting documents, Baker filed an informal grievance on July 1, 2022, concerning Rathel's use of force. Doc. 18-1, Ex. A at 5. Baker described the substance of his complaint as follows:

> On 5-27-22 Officer Ratchel [sic] used excessive force on me while I was handcuffed with metal hand restraints behind my back. This brutal attack caused damaging injuries to my face, knees, elbow, the inside of my upper and lower lip, nerve damaged [sic] in my hands and fingers (thumb).

*Id.*

After Baker did not receive a response, he filed a formal grievance at the institutional level. Baker described the substance of his claim the same as before. He stated:

Page 8 of 15

> On 5-27-22 Officer Ratchel used excessive force on me while I was handcuffed with metal hand restraints behind my back. This brutal attack caused damaging injuries to my face, knees, elbow, the inside of my upper and lower lip, nerve damaged [sic] in my hands and fingers (thumb).

Doc. 18-1, Ex. A at 4.

After Baker did not receive a response to his formal grievance, he filed an appeal to the Office of the Secretary. Again, Baker described his claim the same as before:

> On 5-27-22 Officer Ratchel used excessive force on me while I was handcuffed with metal hand restraints behind my back. This brutal attack caused damaging injuries to my face, knees, elbow, the inside of my upper and lower lip, nerve damaged [sic] in my hands and fingers (thumb).

Doc. 18-1, Ex. A at 3. The Secretary's representative (A. Johns) responded:

> Your appeal has been reviewed and evaluated. The subject of your grievance was previously referred to the Office of the Inspector General. It is the responsibility of that office to determine the amount and type of inquiry that will be conducted. This inquiry/review may or may not include a personal interview with you. Upon completion of this review, information will be provided to appropriate administrators for final determination and handling.
>
> As this process was initiated prior to the receipt of your appeal, your request for action by this office is denied.

Doc. 18-1, Ex. A at 2.

"The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 219; *see also id.*, 549 U.S. at 219 (state prisoners' § 1983 actions were not automatically rendered noncompliant with the PLRA's administrative exhaustion requirement by the fact that not all defendants named in complaints had been named in previous administrative grievances; PLRA did not impose a "name all defendants" requirement as part of exhaustion, and state corrections department's policy did not contain any provision specifying who must be named in grievance).

The FDC's administrative remedy program does not specify who must be named in a grievance, but it does require that the grievance identify the issue or complaint, and that it state the facts underlying the issue or complaint. *See* Fla. Admin. Code r. 33-103.005(2)(b)2; r. 33-103.006(2)(d)-(f). Baker's grievances did not complain that an officer had observed and failed to intervene in Rathel's use of force. Baker's grievances did not include any facts remotely suggesting that another officer had observed and failed to intervene in Rathel's use of force. Baker

could have included that information in his grievances. According to Baker's version of events, he observed that Sapp "was present at both scenes of this incident inside and outside of the dining hall," and that Sapp "watched with enjoyment." Doc. 10 at 8, 9.

In light of the undisputed facts concerning exhaustion, Sapp has met his burden of establishing that Baker failed to exhaust his administrative remedies with respect to the failure-to-intervene claim against Sapp. Accordingly, Defendants' motion to dismiss should be granted as to Baker's claim against Sapp. *See, e.g., Lyons v. Trinity Servs. Grp., Inc.*, 401 F. Supp. 2d 1290, 1295 (S.D. Fla. 2005) (Florida prisoner failed to exhaust available administrative remedies prior to bringing his § 1983 retaliation claim, where he did not submit any grievance pertaining to those particular allegations of retaliation before filing suit).

## B.   <u>Punitive Damages</u>

Defendants also argue that Baker's claim for punitive damages must be dismissed as a matter of law because, as a categorical matter, punitive damages cannot satisfy the strict requirements of 18 U.S.C. § 3626(a)(1)(A). Doc. 18 at 13-15.

Section 3626 provides, in relevant part:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

18 U.S.C. § 3626(a)(1)(A). The statute defines "prospective relief" as "all relief other than compensatory monetary damages." 18 U.S.C. 3626(g)(7).

The Eleventh Circuit has held that punitive damages are subject to § 3626(a)(1)(A)'s restrictions, but it has not held that punitive damages are unavailable or categorically barred under § 3626. *Johnson v. Breeden*, 280 F.3d 1308, 1325 (11th Cir. 2002), *abrogated on other grounds by Kingsley v. Hendrickson*, 576 U.S. 389, 395 (2015). The court in *Johnson* interpreted § 3626(a)(1)(A) and its effect on the recovery of punitive damages this way:

> Because Congress has provided that punitive damages are prospective relief, we must give the requirements of § 3626(a)(1)(A) some meaning in the context of punitive damages. We think those requirements mean that a punitive damages award must be no larger than reasonably necessary to deter the kind of violations of the federal right that occurred in the case. They also mean that such awards should be imposed against no more defendants than necessary to serve that deterrent function and that they are the least intrusive way of doing so. Many factors may enter into that

> determination. For example, the number of excessive force violations an individual defendant or institution has had might affect whether punitive damages were necessary, and if so, the amount required to deter future violations.

*Johnson*, 280 F.3d at 1325.

Under *Johnson*, before a district court may *enter an order granting* punitive damages, it must determine "whether it [i]s reasonably necessary that [the defendants] be ordered to pay" punitive damages "in order to deter future Eighth Amendment excessive force violations by them or others at this institution." *Id*. at 1325; *see also Benton v. Rousseau*, 940 F. Supp. 2d 1370, 1380 (M.D. Fla. 2013) (considering an award of punitive damages in light of the restrictions imposed by § 3626(a)(1)(A), and determining after a non-jury trial that an award of $15,000.00 in punitive damages for prison officials' use of excessive force on the prisoner-plaintiff satisfied that standard).

At this juncture, the District Court need not decide whether Baker may recover punitive damages. Resolution of that issue is not dispositive of this case, nor will it change the course of proceedings on Baker's remaining excessive-force claim against Defendant Rathel. Defendant Rathel may raise the issue again at the trial stage. *See, e.g., Vaughn v.*

*Cambria Cnty. Prison*, 709 F. App'x 152, 155 n.2 (3d Cir. 2017) (deferring consideration of the issue of whether punitive damages are unavailable under 18 U.S.C. § 3626(a)(1)(A) "because liability has not yet been found.").

## IV.  CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.    Defendants' motion to dismiss, Doc. 18, be

    a.    **GRANTED** with respect to Plaintiff's claim against Defendant Sapp; and

    b.    **DENIED** in all other respects.

2.    Plaintiff's claim against Defendant Sapp be **DISMISSED** for failure to exhaust administrative remedies.

3.    The clerk of court be directed to terminate Defendant Sapp as a party in CM/ECF.

4.    This case be returned to the undersigned for further proceedings on Plaintiff's Eighth-Amendment excessive-force claim against Defendant Rathel.

At Pensacola, Florida, this <u>5th</u> day of October, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**


## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**