UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JALYN K. BAKER,

    Plaintiff,

v.     Case No. 1:23-cv-3-AW-MJF

D. RATHEL,

    Defendant.
    _____/

## REPORT AND RECOMMENDATION

Plaintiff Jalyn K. Baker, a Florida prisoner proceeding *pro se*, initiated this action on January 5, 2023, by filing a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. Baker filed an amended complaint on April 11, 2023. Doc. 10. The amended complaint names two Defendants: Correctional Officer Rathel and Sergeant Sapp. Baker claimed that Rathel and Sapp violated the Eighth Amendment on July 28, 2022, when Rathel used excessive force on Baker and Sapp failed to intervene.

On November 13, 2023, Baker's claim against Sapp was dismissed because Baker failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). *See* Doc. 24. The District Court returned this

case to the undersigned for further proceedings on Baker's claim against Rathel.

On November 20, 2023, the undersigned ordered Baker to confirm his continued interest in litigating his claim against Rathel, by filing a "Notice of Intent to Prosecute Claim Against Defendant Rathel." Doc. 25. At the time, this court had received no communication from Baker in over five months, and Baker had not responded to Defendants' motion to dismiss.

Baker's last had contact with the court on June 2, 2023, when he provided the clerk with service copies of his amended complaint. In the undersigned's view, it would be a waste of judicial time and resources to proceed to the next stage of litigation—discovery and pretrial dispositive motions—if Baker no longer intended to litigate his claim against Rathel.

Accordingly, the undersigned ordered Baker to confirm his continued interest in this litigation by filing the required Notice by December 4, 2023. Doc. 25 at 2. The undersigned warned Baker that failure to comply with the order likely would result in his claim against Rathel being dismissed without prejudice. *Id*. at 2.

To date, Baker has not complied with the order dated November 20, 2023, and has not responded to the show cause order entered on December 18, 2023. Doc. 30. The court has received no communication from Baker in eight months.

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.  Plaintiff's claim against Defendant Rathel be **DISMISSED without prejudice** for Plaintiff's failure to comply with orders of this court, and that judgment be entered accordingly.[1]

2.  The clerk of court be directed to enter judgment on Plaintiff's claim against Defendant Sapp in accordance with the Order dated November 13, 2023, Doc. 24.

---

[1] "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); *see also* N.D. Fla. Loc. R. 41.1.

There is no statute-of-limitations concern in dismissing this case without prejudice. The events giving rise to Plaintiff's claim against Rathel occurred on May 27, 2022. Doc. 10 at 5. Thus, Plaintiff may refile his claim against Rathel by initiating a new civil rights case if he so chooses.

3. This case filed be closed.

At Panama City, Florida, this 31st day of January, 2024.

                     s/ *Michael J. Frank*
                     **Michael J. Frank**
                     **United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only. A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**